UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAURA CAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV 03-B-2733-S |
| ) | |
| THE BOARD OF TRUSTEES OF THE ) | |
| UNIVERSITY OF ALABAMA; VAXIN, ) | |
| INC. ) | |
| ) | |
| Defendants. ) | |

**ENTERED**
SEP 13 2004

## MEMORANDUM OPINION

This case is presently before the court on defendant Vaxin, Inc.'s Motion to Dismiss or, Alternatively, for Summary Judgment. (Doc. 15.) In response to Vaxin's Motion, plaintiff filed a Response to Defendant Vaxin, Inc.' Motion to Dismiss or, Alternatively, for Summary Judgment, and Plaintiff's Rule 56(f) Motion for Extension. (Doc. 18). Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss or, Alternatively, for Summary Judgment, (doc. 15), is due to be denied, and plaintiff's Rule 56(f) Motion for Extension, (doc. 18), is due to be granted.

### DISCUSSION

Vaxin asks the court to dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 4(m), on the ground that plaintiff did not timely serve Vaxin with the Complaint and Summons in this case. Also, Vaxin asks the court to dismiss plaintiffs claims under Fed. R. Civ. P. 12(b)(6),

on the ground that her Complaint fails to state a claim against Vaxin,[1] or to enter summary judgment based on the affidavit of Kent Van Kampen.

## A. FAILURE TO TIMELY SERVE COMPLAINT

Plaintiff filed her original Complaint on October 6, 2003; Vaxin was served with the Complaint on or about February 5, 2004, pursuant to the court's directions to plaintiff's counsel. Vaxin contends that, because it was served more than 120 days after the Complaint was filed, that it should be dismissed with prejudice pursuant to Fed. R. Civ. P. 4(m).

Rule 4(m) states:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant ***or direct that service be effected within a specified time***; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m)(emphasis added).

At a telephone conference on February 3, 2004, counsel for defendant Board of Trustees pointed out to plaintiff's counsel that Vaxin had not been served, although it was named as a defendant in paragraph 5 of plaintiff's Complaint.[2] The court then directed

---

[1] Vaxin's Motion to Dismiss/Motion for Summary Judgment seeks to dismiss plaintiff's claims as set forth in her original Complaint. Since Vaxin filed its Motion, the court has allowed plaintiff to file a Second Amended Complaint. (*See* doc. 21.)

[2] Paragraph 5 of plaintiff's Complaint states, "Defendant, Vaxin, has maintained and operated a business in Alabama. . . . Defendant is engaged in an industry affecting interstate commerce, has had fifteen (15) or more employees at all times relevant hereto, and is an employer within the meaning of 42 U.S.C. § 2000e (b), (g) and (h)." (Doc. 1 ¶ 5.)

2

plaintiff's counsel to file a Motion to Amend her Complaint with the proposed Amended Complaint attached, which set out the claims against both defendants in separate claims. Also, the court directed plaintiff's counsel to serve defendant Vaxin on or before February 6, 2004, or the court would enter a Show Cause Order, asking plaintiff to demonstrate why her claims against Vaxin should not be dismissed for failure to prosecute. Plaintiff served Vaxin the following day, February 4, 2004.

As noted, plaintiff was directed by the court to serve Vaxin on or before February 6, 2004. Because Vaxin was served on February 4, 2004, within the court's deadline, the court finds that Vaxin was timely served and, thus, its Motion to Dismiss pursuant to Fed. R. Civ. P. 4(m) will be denied.

### B. MOTION TO DISMISS – FAILURE TO STATE A CLAIM

The Eleventh Circuit Court of Appeals has stated that a Motion to Dismiss "is viewed with disfavor and rarely granted." *Brooks v. Blue Cross and Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997)(citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969); *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)). When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the court "must accept the allegations set forth in the complaint as true." *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)(citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986)); *see also Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994). The court will dismiss a claim only when it is clear that no relief could be granted under any set of facts consistent with the

allegations in the Complaint. *Hishon*, 467 U.S. at 73; *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

"[T]he threshold that a complaint must meet to survive a motion to dismiss is 'exceedingly low.'" *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 38 (M.D. Ala. 2001)(quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)). "[A] defendant thus bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735-736 (11th Cir. 1998)(citing *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)), *cited in McClendon v. May*, 37 F. Supp. 2d 1371, 1375 (S.D. Ga. 1999).

Vaxin's Motion to Dismiss was addressed to plaintiff's initial complaint. Plaintiff's Second Amended Complaint, (doc. 21), clearly sets forth claims for which relief may be granted against Vaxin for acts of sex discrimination, sexual harassment, retaliation, and battery. Therefore, Vaxin's Motion to Dismiss plaintiff's claims will be denied as moot.

### C. MOTION FOR SUMMARY JUDGMENT AND RULE 56(f) MOTION FOR EXTENSION

Vaxin contends that plaintiff's claims are due to be dismissed because (1) plaintiff cannot establish that it had the authority to promote her to Lab Manager; (2) the harassing supervisor was not its employee, and it did not have authority to discipline or terminate the harassing supervisor; (3) plaintiff was not its employee during the relevant time period; and

4

(4) it did not have 15 or more employees during the relevant time period. (Doc. 15 at 2 (citing doc. 16 ¶¶ 4, 6, 7).)[3] Because the parties have not commenced discovery in this case, "[p]laintiff contends that she is unable to present, by affidavit or otherwise, facts essential to justify plaintiff's opposition to a Motion for Summary Judgment." (Doc. 18 at 1.)

"Before entering summary judgment the district court must ensure that the parties have an *adequate* opportunity for discovery." *Florida Power and Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). In this case there has been *no* opportunity for discovery. Therefore, plaintiff's Rule 56(f) Motion for Extension will be granted. Vaxin's Motion for Summary Judgment will be denied without prejudice to Vaxin's right to renew its Motion for Summary Judgment after a reasonable opportunity for plaintiff to conduct discovery has passed.

---

[3]The court notes that Title VII actions are not limited to an employee's claims against her employer. Rather, such claims are available to any "individual" that is discriminated against by an "employer." 42 U.S.C. § 2000e-2(a)(1)("It shall be unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge *any individual*, or otherwise to discriminate against *any individual* with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin."); *see Zaklama v. Mt. Sinai Medical Center*, 842 F.2d 291, 294 (11th Cir. 1988)(citing *Sibley Memorial Hospital v. Wilson*, 488 F.2d 1338, 1341 (D.C. Cir. 1973)); *see also Pardazi v. Cullman Medical Center*, 838 F.2d 1155, 1156 (11th Cir. 1988)(citing *Gomez v. Alexian Bros. Hosp. of San Jose*, 698 F.2d 1019, 1021 (9th Cir. 1983); *Lutcher v. Musicians Union Local 47*, 633 F.2d 880, 883 n.3 (9th Cir. 1980); *Sibley Memorial Hosp.*, 488 F.2d at 1340-41); *Equal Employment Opportunity Commission v. Sage Realty Corp.*, 507 F. Supp. 599, 611 (S.D.N.Y. 1981)(citing *Spirt v. Teachers Insurance and Annuity Ass'n*, 475 F. Supp. 1298, 1307-08 (S.D.N.Y. 1979)).

## CONCLUSION

For the foregoing reasons, the court is of the opinion that defendant Vaxin's Motion to Dismiss will be denied as moot, (doc. 15), plaintiff's Rule 56(f) Motion for Extension, (doc. 18), will be granted, and defendant Vaxin's Motion for Summary Judgment, (doc. 15) will be denied without prejudice. An order denying defendant Vaxin's Motion to Dismiss/Motion for Summary Judgment, and granting plaintiff's Rule 56(f) Motion for Extension will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 13th day of September, 2004.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge