FILED

2007 Mar-12 PM 02:44
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| LAURA CAIN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CV 03-B-2733-S |
| | ) | |
| THE BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ALABAMA; VAXIN, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

This case is presently pending before the court on defendant Vaxin's Motion for Attorney's Fees.  (Doc. 58.)[1]  In response, plaintiff filed Opposition to Defendant Vaxin's Motion for Attorney's Fees and Bill of Costs and Defendant Board of Trustees of the University of Alabama's Bill of Costs.  (Doc. 60).  The court entered Summary Judgment in favor of defendants on September 30, 2005; thereafter, plaintiff appealed.  The court stayed decision on Vaxin's Motion for Attorney's Fees and plaintiff's Opposition pending the Eleventh Circuit's decision.  The Eleventh Circuit affirmed this court's decision on December 7, 2006, and the mandate was entered on January 8, 2007.

For the reasons set forth below, the court now finds that Vaxin's Motion for Attorney's Fees, (doc. 58), is due to be denied and plaintiff's Objections to defendants' Bills of Cost, (doc. 60), are due to be overruled in part and sustained in part.

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

## I.  <u>MOTION FOR ATTORNEY'S FEES</u>

Plaintiff Laura Cain sued her employers, Vaxin and the Board of Trustees of the University of Alabama ["UAB"], alleging that they had discriminated against her on the basis of her gender and in retaliation for complaining about gender discrimination.  Plaintiff alleged that she had been sexually harassed and denied promotion; also, she alleged a state-law claim of battery.  The court granted summary judgment as to these claims, and the Eleventh Circuit affirmed that decision.[2]

Defendant Vaxin asks this court for an attorney's fee award because this action was frivolously maintained.  The court disagrees.

Though not accepted by the court, plaintiff's claims were not frivolous or without foundation.  "The Supreme Court has held that in civil-rights cases the 'plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'"  *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1176 (11th Cir. 2005)(quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)).  To determine whether

---

[2]The court notes that the Eleventh Circuit denied Vaxin's Motion for Attorney's Fees pursuant to Fed. R. App. P. 38, which states:

> If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Fed. R. App. P. 38.

2

attorney's fees should be awarded against an unsuccessful civil-rights plaintiff, "the district court 'must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'"

*Id*. (quoting *Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985)).

> But in awarding attorney's fees against [Title VII] plaintiffs, [the court] must take care not to "undercut the efforts of Congress to promote the vigorous enforcement" of the Act. *Christiansburg*, 434 U.S. at 422, 98 S. Ct. at 701. To this end, it is important that courts not
>
>> engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.
>
> *Id*. at 421-22, 98 S. Ct. at 700-01. Because [plaintiff's] claims, though weak, were not entirely "without foundation," *id*. at 422, 98 S. Ct. at 700, the district court's award of fees and expenses [in *Cordoba*] constituted an abuse of discretion.

*Cordoba*, 419 F.3d at 1181-82.

This court finds that plaintiff's sexual harassment claim was not frivolous, unreasonable, and/or groundless. Plaintiff alleged a number of incidents of harassing conduct by Vaxin's employees, including "sexually offensive jokes . . . and sexually offensive comments." (Doc. 55 at 12.) She alleged this conduct was constant. Moreover,

3

the evidence indicated that prior to plaintiff's complaint about sexually harassing conduct, the supervisor of the law, Dr. De-Chu Tang – an employee of both defendants, had never seen Vaxin's anti-harassment policy, and he had never posted defendant's anti-harassment policy or reporting procedures. (*Id.* at 13.)  However, upon receiving plaintiff's complaint, Vaxin conducted training on its anti-harassment policy.  (*Id.*)  After this training, plaintiff said everything was fine, and she did not further complain about sexual harassment.

Although the court, as a matter of law, found that incidents of harassment alleged by plaintiff were not sufficiently severe or pervasive, the court finds that her claim was not frivolous or without foundation.  Plaintiff testified that she was constantly subjected to offensive sexual comments and jokes.  The court found, based on the record before it, that plaintiff's alleged incidents of harassment were not sufficiently severe or pervasive to create a hostile working environment.  Also, the evidence supported a finding that defendant did not disseminate its anti-harassment policy or provide training until after plaintiff complained about harassment.  Under these facts, the court finds that plaintiff's claim of discriminatory sexual harassment are not groundless or frivolous.  *See Sullivan*, 773 F.2d at 1189 (quoting *Christiansburg*, 434 U.S. at 421-22).

Defendant also asks the court to award attorney's fees as to plaintiff's discrimination and retaliation claims based on its failure to promote plaintiff.  In granting defendant Vaxin's Motion for Summary Judgment, the court found that plaintiff was not qualified for the position of lab manager.  However, plaintiff testified that Dr. Tang had announced she would

be promoted.   Defendant Vaxin promoted a male employee after plaintiff had complained about sexual harassment. This statement provided a reasonable basis for plaintiff's complaint of gender discrimination and retaliation with regard to the promotion.   Therefore, defendant Vaxin's Motion for Attorney Fees as to plaintiff discrimination and retaliation claims is due to be denied.  *See Sullivan*, 773 F.2d at 1189.

Finally, defendant asks the court to award it attorney fees based on plaintiff's claim of battery based on Rule 11 or the court's inherent authority.  Plaintiff alleged that Shankar Reddy, an employee of defendant UAB and her immediate supervisor, touched her on her breasts, leg, and shoulder.  Plaintiff complained to Kent Van Kampen, the COO of Vaxin, to Tang, and to Felix Seigal, an employee of Vaxin.  Van Kampen instructed Tang to investigate plaintiff's claims.  Tang investigated the claims and removed plaintiff from Reddy's supervision.  Given the unique position of Tang as supervisor of the entire lab, as well as being an employee of both UAB and defendant and Van Kampen's reception of plaintiff's complaint and his directions to Tang; and Tang's actions in response, the court finds that plaintiff's inclusion of the battery claim against Vaxin was not frivolous or without any basis in fact or law.  Therefore, defendant's Motion for Attorney's Fees as to plaintiff's battery claim is due to be denied.

## II.  <u>BILLS OF COST</u>

In its Bill of Costs defendant Vaxin asks for fees for printing in the amount of $362.00, which is 1,810 pages at $.20 per page.  Plaintiff objects to the per page rate as

unreasonable, and she contends that a rate between $.08 to $.10 is reasonable.  The court finds that the rate of $.20 per page is a reasonable rate.  *See Maricus W. ex rel. Marvin M. v. Lanett City Bd. of Ed.*, 142 F. Supp.2d 1327, 1330 (M.D. Ala. 2001).

However, in examining the amount requested as copy costs, the court notes that Vaxin has requested costs for five sets of documents.  Copy costs are not recoverable for copies made for the convenience of the party, and "extra copies of filed papers are considered obtained only for the convenience of counsel."  *Blevins v. Heilig-Meyers Corp.*, 184 F.R.D. 663, 668 (M.D. Ala. 1999).  As there are two other parties and the court requires an additional copy, the court will allow recovery of three copies only.  Therefore, the court will allow defendant Vaxin $271.20 (1,086 copies x .20) as its fee for printing.

Defendant UAB requests $123.15 as fees for printing – $108.15 (request for production) and $15.00 (2 copies of Summary Judgment submission).  The court finds that the costs requested are appropriate.  Therefore, the court will allow UAB $123.15 as its fee for printing.

Plaintiff objects to Vaxin and UAB requesting costs associated with copies of exhibits and additional copies of the deposition transcripts.  "[T]he trial court's discretion in taxing costs – broad as it had to be – does not extend it to taxing as a cost an item not permitted by controlling law."  *United States v. Kolesar*, 313 F.2d 835, 838 (5th Cir. 1963).[3]  Section 28

---

[3]Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

U.S.C. § 1920 allows the court to award as costs "(2) **Fees of the court reporter** for all or any part of the **stenographic transcript** necessarily obtained for use in the case." Such language limits the court to awarding only the costs of the court reporter in transcribing the deposition and precludes the court from awarding any amount for simple copying by a court reporter. Therefore, plaintiff's objection will be sustained, and the amount claimed by defendants as deposition costs other than the costs of transcription will be disallowed.

Based on the foregoing, the court will tax costs against plaintiff and in favor of defendant UAB in the amount of $1,597.09, and against plaintiff and in favor of Vaxin in the amount of $2,047.85.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that defendant Vaxin's Motion for Attorney's Fees, (doc. 58), is due to be denied. Plaintiff's Objections to defendants' Bills of Costs, (doc. 60), are due to be sustained in part and overruled in part. An Order denying defendant's Motion for Attorney's Fees, and overruling in part and sustaining in part plaintiff's objection to defendants' Bills of Costs will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 12th day of March, 2007.

*Sharon Lovelace Blackburn*
_____
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

7